IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on September 11, 2013

## MICHELLE JAYNE ADAMS v. JAMES EARL ADAMS, III

**Appeal from the Chancery Court for Maury County**
**No. 11190      Stella L. Hargrove, Judge**

**No. M2013-00577-COA-R3-CV - Filed September 17, 2013**

This is an appeal from a "Final Decree of Divorce." Because the decree does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court;**
**Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Martin A. Kooperman, Nashville, Tennessee, for the appellant, James Earl Adams, III.

S. Jason Whatley, Sr., Columbia, Tennessee, for the appellee, Michelle Jayne Adams.

## MEMORANDUM OPINION[1]

This appeal arises out of a divorce action filed by Michelle Jayne Adams ("Wife") against James Earl Adams, III ("Husband") in the Chancery Court for Maury County. On January 24, 2013, the trial court entered a "Final Decree of Divorce." However, the decree reserved for a further hearing the distribution of certain personal property in storage, the distribution of the parties' eight burial plots, and Husband's ongoing child support obligation.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Moreover, the decree provided that "[t]o the extent that any monies are remaining still owed to Wife, either from her equitable distribution or for the alimony *in solido* owed to the same, the same shall be brought before the court for final disposition unless otherwise agreed upon by the parties." Finally, the trial court reaffirmed a restraining order prohibiting Husband from having any contact with the minor children, but reserved the right to review, upon motion, Husband's visitation and communication with the children. On February 14, 2013, Husband filed a motion seeking parenting time and communication with the children. The record does not contain an order resolving Husband's motion. Husband filed his notice of appeal on February 25, 2013.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a).

The record on appeal was filed with the clerk of this court on May 21, 2013. Upon review of the record, this court determined that the decree appealed was not final because of the numerous issues reserved by the trial court as well as Husband's pending motion seeking parenting time and communication with the children. Accordingly, the court ordered the parties either to obtain a final order from the trial court within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have now passed, the parties have neither obtained a final judgment nor otherwise responded to the show cause order.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to James Earl Adams, III and his surety for which execution may issue.


PER CURIAM